■ In the Matter of LABIB ISMAIL, Appellant, v CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD, Respondent.— Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered November 7, 1991, which dismissed the CPLR article 78 petition seeking, *inter alia,* to annul the determination of the New York City Environmental Control Board denying petitioner's request for a stay of default and for a hearing on 49 summonses issued to the petitioner by, *inter alia,* the New York City Department of Sanitation and seeking to vacate the 49 default judgments entered on those summonses and docketed against the petitioner, unanimously affirmed, without costs.

The court properly determined that the denial by the New York City Environmental Control Board (ECB) of the petition-

er's request to vacate 49 default judgments that had been entered against the petitioner for violations of regulations governing the operation of his mobile food vending truck was neither arbitrary nor capricious and was not without a rational basis, where the record reveals that the judgments resulted from the petitioner's intentional default on 49 notices of violation of various regulations, that the notices of violation were personally served upon the petitioner commencing in 1982 through 1984 for blocking crosswalks and passenger loading zones with his food vending vehicle, that the petitioner concedes receiving the notices of violation and admits that he intentionally did not respond to the summonses by appearing before the ECB because he felt he was being harassed by Department of Sanitation enforcement agents, and that the petitioner knowingly and willfully defaulted on the notices of violation and took no action to have them set aside until the ECB was in a position to collect upon them more than eight years after the first summons had been issued *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230).

Petitioner's claim that the Environmental Control Board was without authority pursuant to New York City Charter § 1404 (d) (1) (e) to enforce the judgments without court proceedings and that the judgments were unenforceable because they were improperly docketed pursuant to the pre-1985 New York City Charter docketing provision, section 1404 (d) (1), is devoid of merit. New York City Charter § 1404 permits the Environmental Control Board to administratively enforce judgments against a judgment debtor without court proceedings when the judgments collectively total more than $10,000, while prohibiting Board enforcement of individual judgments which exceed that amount without court proceedings, and the 49 default judgments were properly docketed, and, in fact, redocketed, in accordance with the provisions of both superseded New York City Charter § 1404 (d) (1) and present New York City Charter § 1404 (d) (1) (e).

We have reviewed the petitioner's remaining claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.